1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                           AT SEATTLE

8   JOHN J. CLEMENT,

                          Plaintiff,              CASE NO. 17-5057-BAT
9
         v.                                       **ORDER REVERSING THE**
10                                                **COMMISSIONER AND REMANDING**
    NANCY A. BERRYHILL, Acting                    **FOR FURTHER PROCEEDINGS**
11  Commissioner of Social Security,

12                        Defendant.

13        John J. Clement appeals the ALJ's decision. The ALJ found mild to moderate lumbar

14  degenerative disc disease, bipolar disorder, and schizoaffective disorder are severe impairments;

15  Mr. Clement has the residual functional capacity ("RFC") to perform light work with additional

16  non-exertional limitations; and that can perform jobs in the national economy. Tr. 27-32.

17        Mr. Clements argues the Court should remand the case for further proceedings because

18  the ALJ misevaluated his testimony, and because evidence he submitted to the Appeals Council

19  undermines the ALJ's decision. Dkt. 13 at 1, 14. For the reasons below the Court **REVERSES**

20  the Commissioner's final decision and **REMANDS** the matter for further administrative

21  proceedings under sentence four of 42 U.S.C. § 405(g).

22                              **DISCUSSION**

23  **A.    Mr. Clement's Testimony**

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER
PROCEEDINGS  1

1    The ALJ did not find malingering and was therefore required to provide clear and

2    convincing reasons to reject Mr. Clement's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84

3    (9th Cir. 1996). The ALJ found Mr. Clement's testimony is inconsistent with the medical record.

4    Tr. 29-30. The ALJ noted examining doctor Ryan Bennett, M.D., opined Mr. Clement could lift

5    and carry 50 pounds occasionally, and 25 pounds frequently; he could push and pull on a

6    frequent basis; he had no standing, walking or sitting restrictions; he could bend, crouch, stoop,

7    and crawl frequently and he had no manipulative activity limitations. Tr. 30 (citing Tr. 216). The

8    ALJ also noted examining doctor Bong Doan, M.D., opined Mr. Clement can perform simple

9    and complex tasks, can complete a normal workweek; and has mild difficulties in handling

10   stress. Tr. 30.

11       Although these opinions stand in stark contrast to Mr. Clement's claims[1] they are not a

12   basis to reject Mr. Clement's testimony because the ALJ rejected the medical opinions giving

13   them "little if any weight," and instead finding Mr. Clement has "greater limitations than offered

14   by these doctor." Tr. 31. It is unreasonable to reject a claimant's testimony based upon medical

15   evidence the ALJ did not put any stock in.

16       The ALJ also found Mr. Clement did not receive the kind of "medical treatment one

17   would expect a totally for a totally disabled person." Tr. 31. This is an erroneous conclusory

18   finding. Generalized, conclusory findings do not suffice. *See Moisa v. Barnhart*, 367 F.3d 882,

19   885 (9th Cir.2004) (the ALJ's credibility findings "must be sufficiently specific to allow a

20   reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds

21

22
     _____

23   [1] Mr. Clement averred "my back is always in pain and limits lifting, squatting, bending, standing,
     sitting, walking & kneeling"; I can walk for only 15 minutes and can pay attention for only 30-45
     minutes; I am scared to around people; people are "out to get me"; and "coworkers/customers are
     trying to harm me." Tr. 170, 175.

and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony").

The Commissioner defends the ALJ's determination arguing the ALJ's finding is valid because Mr. Clement received only conservative care, Mr. Clement's medications stabilized or improved his symptoms, and Mr. Clement did not consistently seek treatment and did not comply with his medications. Dkt. 14 at 4-5. The Court rejects these arguments. The ALJ did not explain why the care Mr. Clement received was conservative. Absent any explanation, the ALJ's conclusory statement that Mr. Clement did not receive the kind of treatment one expects a disabled person to receive is neither clear nor convincing.

The ALJ also found Mr. Clement had "good compliance" with prescribed medications, Tr. 30, not failure to comply as the Commissioner argues. The Commissioner's defense does not track the ALJ's reasoning. The ALJ found when Mr. Clement took his medication he reported doing "good and well." *Id.* However, in assessing mental health issues, the ALJ cannot reject a claimant's testimony where the symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms a typical in mental health cases, and an ALJ cannot simply focus on instances of improvement to conclude a claimant is capable of working. *Garrison v. Colvin*, 759 F3d 995, 1017 (9th Cir. 2014). It may be true Mr. Clement functions better on medication than when he is off medications. But the record does not establish that with medications, he is free and clear of significant functional limitations. This is evidenced by the treatment records Mr. Clement submitted after the ALJ issued his decision which note Mr. Clement was taking "Lithium" but "continues to have insomnia, mood swings and could benefit

from added stabilization with atypical antipsychotic." Tr. 262. And lastly the Court rejects the argument the ALJ properly discounted Mr. Clement's testimony because he did not consistently seek treatment because "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996) (citations and quotations omitted).

The ALJ also rejected Mr. Clement's testimony as inconsistent with his activities of daily living. Tr. 30. The ALJ noted Mr. Clement can make meals, do laundry, bath, shop, go out alone, has some good relations with his family and relies on them for transportation. *Id.* The Ninth Circuit has repeatedly asserted the mere fact that a plaintiff has carried on certain daily activities does not in any way detract from his credibility as to his overall disability. <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007 (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). Daily activities that are transferrable to a work setting may be grounds for an adverse credibility finding. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn,* 495 F.3d at 639. Here the Commissioner does not argue Mr. Clement's activities are transferrable to a work setting, because they plainly are not. Additionally none of the activities contradict Mr. Clement's statements but rather, as the Commissioner notes, are consistent with what Mr. Clement told the examining doctors. Dkt. 14 at 5. In short the ALJ improperly penalized Mr. Clement for attempting to live a normal life in the face of his limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

The ALJ further found Mr. Clement made inconsistent statements about his work history. The Commissioner does not defend this ground. The ALJ found Mr. Clement submitted a

disability report to the Agency indicating he had never worked and also submitted a work history

report listing four jobs he held between 2003 and 2005. Tr. 30 (referring to Tr. 152, 158.).

Substantial evidence does not support the ALJ's finding because the disability report is unsigned

and undated, and Mr. Clement argued to the Appeals Council "[the disability report] was not

completed by Mr. Clement . . ." Tr. 203. As the ALJ pointed to no evidence establishing Mr.

Clement actually completed the disability report, and given his claim he did not, substantial

evidence does not support the ALJ's determination.

And lastly the ALJ found Mr. Clement's work activity after the alleged onset date was

inconsistent with his claim he is disabled. Tr. 30-31. However, the fact a claimant tries to work

and fails is not a basis to discount his testimony about the severity of his symptoms. *Lingenfelter*

*v. Astrue* , 504 F3d 1028, 1038 (9th Cir. 2007). To the contrary failed attempts to work tend to

support a claimant's claims that he or she is disabled. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th

Cir. 1989). Here, Mr. Clement earned $1,703.58 in the three years between 2012 and 2014,

which is indicative of failed attempts to work rather than work activity consistent with the ability

to perform substantial gainful work activity.

**B.      Evidence Presented to the Appeals Council**

Mr. Clement sought review of the ALJ's decision in the Appeals Council and submitted

treatment records from the Los Angeles County Department of Mental Health (LA records), and

a medical source statement from Cindy Tafoya, Psy.D. The Commissioner agrees the Court may

review the LA records but argues they do not undermine the ALJ's decision. As discussed above,

the LA records undermine the ALJ's finding that Mr. Clement's testimony is inconsistent with

how stable and well he is on medications.

The LA records show, even with medications, Mr. Clement is not free and clear of significant functional limitations. Specifically, though Mr. Clement was taking "Lithium" he "continues to have insomnia, mood swings and could benefit from added stabilization with atypical antipsychotic." Tr. 262. Based on this evidence, the Court finds the ALJ's rejection of Mr. Clement's testimony on the basis that he does well on medications and is stable is not supported by substantial evidence. Because the Court reverses the Commissioner's final decision for the reasons above, the Court need not address the parties' arguments regarding Dr. Tafoya's source statement.

**CONCLUSION**

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Mr. Clement's testimony, develop the record, and reevaluate Mr. Clement's RFC as needed, and proceed to step five as appropriate

DATED this 18th day of September, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge